CHARLOTTE, COLUMBIA & AUGUSTA R. R. CO. v. GIBBES.

1. (1) An issue of fact can only arise when some material allegation of fact is made in the pleadings of one party and controverted in the pleadings of the other party.   (2) The proper mode of raising an issue of law is by demurrer.   (3) An issue of law must be tried by the court.   (4) An issue of fact, in an action for the recovery of money only, must be tried by a jury, unless that mode of trial be waived.

2. The answer in this case having controverted no material allegation of fact in the complaint, should be regarded as a demurrer, and the only issue raised being one of law, it must be tried by the court.

3. An action for the recovery of money only does not require a jury trial, unless the pleadings raise an issue of fact.

4. The pleadings in this action having raised an issue of law only, the Circuit Judge erred in ordering the cause transferred from calendar 1 to calendar 2.

Before WITHERSPOON, J., Richland, April, 1885.

The opinion states the case.

*Mr. J. H. Rion*, for appellant.

*Mr. C. R. Miles*, attorney general, contra.

September 9, 1885. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an action brought by the plaintiff, under section 268 of the General Statutes, for the purpose of having the amount assessed upon it, as its proportion of the expenses of the railroad commission, and paid by it, under protest, to the defendant, as county treasurer of Richland County, declared to be illegally and wrongfully collected, and for the purpose of obtaining a certificate to that effect from the court, so that the same may be refunded. The case was docketed by the clerk, presumably at the instance of the plaintiff's attorney, on calendar No. 2, when, on motion of the attorney general, appearing for the defendant, the Circuit Judge granted an order that it be transferred to calendar No. 1, upon the ground that it was an action for the recovery of money, and as such triable by a jury. The act of 1882 (18 *Stat.*, 41) declares that: "Upon calendar No. 1 shall be placed all cases and issues to be passed upon by a jury. Upon calendar No. 2 shall be placed all cases to be passed upon by the court, including all motions and rules to show cause." So that the only question raised by this appeal is whether this was a case "to be passed upon by a jury" or by the court.

The code, in the chapter entitled "Issues and the mode of trial," provides in section 269 as follows: "Issues arise upon the

pleadings when a fact or conclusion of law is maintained by the one party and controverted by the other. They are of two kinds: 1, of law; and 2, of fact." Section 270 provides that "an issue of law arises, 1, upon a demurrer to the complaint, answer, or reply, or to some part thereof." Section 271: "An issue of fact arises, 1, upon a material allegation in the complaint controverted by the answer"—the remainder of the section, not being material to the present inquiry, is omitted. Section 274 provides that "an issue of law must be tried by the court * * * . An issue of fact, in an action for the recovery of money only, * * * must be tried by a jury, unless a jury trial be waived." From these quotations from the code, we deduce the following conclusions: 1st. That an issue of fact can only arise when some material allegation (of course of fact) is made in the pleadings of one party and controverted in the pleadings of the other party. 2d. That the proper mode of raising an issue of law is by demurrer. 3d. That an issue of law must be tried by the court. *4th. That an issue of fact, in an action for the recovery of money only, must be tried by a jury, unless that mode of trial be waived.

Now, applying these conclusions to the case in hand, we think it clear that there was no issue of fact raised requiring a trial by a jury, but that the only issue presented was an issue of law which "must be tried by the court." There is not a single material allegation of fact in the complaint which is controverted by the defendant in his pleadings, styled an answer, but the sole issue presented is one of law, whether the act requiring this assessment was constitutional. It is true that, as we have seen, the proper mode of raising such an issue would be by demurrer, and the defendant has not seen fit so to style his pleading; but that cannot alter its legal effect. It does not controvert any material allegation of fact contained in the complaint, and therefore it does not raise any issue of fact. It simply controverts the legal positions taken in the complaint, and thereby raises only an issue of law, and can therefore be regarded only as a demurrer. Even if the case be regarded as an action for the recovery of money only, it would not follow that it must be tried by a jury; for, as we have seen, the code does not provide that an

action for the recovery of money only must be tried by a jury, but its language is: "*An issue of fact*, in an action for the recovery of money only, * * * must be tried by a jury, unless a jury trial be waived," &c. Here there is no issue of fact presented by the pleadings, and there was nothing for a jury to try.

Inasmuch as the plaintiff insists upon its legal right, guaranteed by statute, of having its case, which involved no issue of fact, but only an issue of law, placed upon the proper calendar for trial by the court, we think there was error in refusing such demand.

The judgment of this court is that the order of the Circuit Court be reversed, and that the case be restored to calendar No. 2, for trial by the court.